UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-cv-25059-WILLIAMS-LETT

SUBHOJIT DAS,

     Plaintiff,

v.

MSC CRUISE MANAGEMENT (UK) LTD., *et al.*,

     Defendants.

_____/

## REPORT AND RECCOMENDATION
## REGARDING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court upon the Honorable Kathleen M. Williams'
Order Referring Motion to Magistrate Judge, referring Defendants, MSC Cruise
Management (UK) Ltd. and MSC Malta Seafarers Company Limited's Motion to
Dismiss (the "Motion"), [ECF No. 21], to the Undersigned for a report and
recommendation. *See* ECF No. 29. Having reviewed Defendants' Motion, the record,
and relevant legal authorities, for the reasons provided herein, it is recommended
that Defendants' Motion to Dismiss be granted.

## BACKGROUND

This case arises out of personal injuries suffered by Plaintiff, Subhojit Das, an
Indian Seafarer. Compl. ¶¶ 1-3. ECF No. 1. On or about July 16, 2022, Plaintiff lifted
a heavy black trash bin to dispose of its soft food waste contents, injuring his back
while working aboard the vessel, the *MSC Virtuosa. Id.* The *MSC Virtuosa* is a

Maltese flagged cruise ship owned and operated by Defendants, MSC Cruise Management (UK) Ltd. ("MSC UK") and MSC Malta Seafarers Company ("MSC Malta"). Mot. at 4; *see also* Mot., Exs. 1-2. MSC UK is incorporated under the laws of England and Wales with its principal place of business in Stockley Park, Uxbridge, England. Mot., Ex. 1. MSC Malta is incorporated in Malta, with its principal place of business in Valletta Waterfront, lx-Xatt Ta'Pinto, Floriana FRN 1914, Malta. Mot., Ex. 2. During Plaintiff's time aboard the *MSC Virtuosa*, the vessel never touched United States waters. Mot., Ex. 1.

Pursuant to the parties' Collective Bargaining Agreement (the "Arbitration Agreement"), Mot., Ex. 3, Plaintiff initiated arbitration proceedings against Defendants before the London Maritime Arbitrators Association Small Claims ("LMAA") in the United Kingdom. Compl. ¶ 4. On September 26, 2024, the Arbitrator rendered his ruling, finding in Defendants' favor, issuing an award in the amount of approximately $10,638.83 consisting of fees and costs. *Id.* On December 23, 2024, Plaintiff filed his Complaint and/or Petition to Vacate and/or Set Aside Foreign Arbitration Award, (the "Complaint"), in this Court. Defendants filed their Motion to Dismiss this case on May 2, 2025. ECF No. 21. On May 15, 2025, Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss, (the "Response"). ECF No. 25. On May 30, 2025, Defendants filed their Reply in Support of Motion to Dismiss (the "Reply"). ECF No. 26.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) applies to challenges of a court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n, v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(2) applies to challenges of a court's personal jurisdiction over a party. The plaintiff ordinarily "has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). Generally, the plaintiff must allege, with particularity, facts necessary to establish jurisdiction and must support his allegation if challenged to do so. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). If a plaintiff submits evidence supporting his jurisdictional position, the court must still accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Meier*, 288 F.3d at 1269 ("Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.").

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. In assessing legal sufficiency of the complaint, the court is bound to apply the pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). That is, the complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570)). Because this cause comes before the court on a Motion to Dismiss for failure to state a claim, the Court must accept all facts in the Complaint as true and construe them in the light most favorable to the Plaintiff. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* at 1262 (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

Plaintiff seeks an order from this Court either vacating or, in the alternative, refusing to enforce the LLMA's arbitration award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). Compl. ¶¶ 6-9. The New York Convention "'is a multi-lateral treaty that requires courts of the signatory nation states to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states.'" *Gonsalvez v. Celebrity Cruises, Inc.*, 935 F. Supp. 2d 1325, 1329 (S.D. Fla. 2013) (quoting *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1116 (11th Cir. 2009)). "The United States, a signatory to the New York Convention, enforces this treaty through Chapter 2 of the Federal Arbitration Act ("FAA"), which incorporates the terms of the

Convention." *See id*. "'The Convention and Chapter 2 of the FAA exclusively govern [] arbitration between a citizen of the United States and citizens of a foreign country.'" *Gonsalvez*, 935 F. Supp. 2d at 1329 (quoting *Costa v. Celebrity Cruises, Inc.*, 768 F. Supp. 2d 1237, 1240 (S.D. Fla. 2011)) (citation omitted). "To implement the Convention, Chapter 2 of the FAA provides two causes of action in federal court for a party seeking to enforce arbitration agreements covered by the Convention: (1) an action to compel arbitration in accord with the terms of the agreement, 9 U.S.C. § 206, and (2) at a later stage, an action to confirm an arbitral award made pursuant to an arbitration agreement, 9 U.S.C. § 207.*" Lindo v. NCL Bahamas, Ltd.*, 652 F.3d 1257, 1262-63 (11th Cir. 2011); *see also Gonsalvez*, 935 F. Supp. 2d at 1330. For courts considering whether to recognize or enforce an arbitral award, Article V of the Convention provides seven defenses for courts to consider. *See Lindo*, 652 F.3d at 1263 (citing Convention, Art. V (enumerating seven instances where "[r]ecognition and enforcement of the award may be refused" by "the competent authority where the recognition or enforcement is sought")).

Plaintiff brings his claim pursuant to 9 U.S.C. § 207, which states "[t]he court shall confirm [a foreign arbitration] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  Compl. ¶ 7. Plaintiff's challenges to the arbitration award rely on Article V(2)(b) of the Convention, which allows the court in the country where enforcement is sought to refuse enforcement if that court finds that "recognition or enforcement of the award would be contrary to the public policy of that country."

5

Compl. ¶ 8.

**A.** **The Court Lacks Subject Matter Jurisdiction to Vacate the Arbitration Award.**

A challenge to a court's subject matter jurisdiction may be brought pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Any subject matter jurisdiction this Court has over claims from the parties' Arbitration Agreement is derived from the New York Convention. *See Lindo*, 652 F.3d at 1262-63. Defendants argue that Plaintiff is seeking relief from the arbitration award that is beyond the jurisdiction granted to this Court under the New York Convention. Mot. at 1-2. Defendants further argue that since Plaintiff has failed to articulate actionable claims under the New York Convention the Court should also dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim. Mot. at 2 (citing Fed. R. Civ. P. 12(b)(6)).

Under the New York Convention, judicial responsibilities for providing remedies are allocated between the primary jurisdiction and secondary jurisdictions. *Corporación AIC, SA v. Hidroeléctrica Santa Rita S.A.*, 66 F.4th 876, 883 (11th Cir. 2023). The primary jurisdiction is the country which is the legal seat of the arbitration (or whose law governs the conduct of the arbitration), while all other countries which are signatories to the Convention are considered secondary jurisdictions. *See id.* "Under the New York Convention, only courts in the primary jurisdiction can vacate an arbitral award." *Id.* (citations omitted); s*ee also,* Convention, Art. V(1)(e) (providing that the "competent authority" for setting aside an arbitral award lies in the "country in which, or under the law of which, that award was made"); *BG Group, PLC v. Argentina*, 572 U.S. 25, 37 (2014) ("The national courts and the law of the

legal situs of arbitration control a losing party's attempt to set aside an award.") (cleaned up) (citation omitted); *M & C Corp. v. Erwin Behr Gmbh & Co.*, 87 F.3d 844, 849 (6th Cir. 1996) (finding that "a motion to vacate [under the New York Convention] may be heard only in the courts of the country where the arbitration occurred or in the courts of any country whose procedural law was specifically invoked in the contract calling for arbitration") (emphasis deleted). Secondary jurisdiction courts have limited authority to review and decide whether to enforce a foreign arbitration award. *See Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 960 n.11 (11th Cir. 2012); *see also Corporación AIC,* 66 F.4th at 884.

The primary jurisdiction for this action is England, as England was the seat of this arbitration and the tribunal applied English law. *See Corporación AIC*, 66 F.4th at 883; *see also* Compl. ¶ 4; Mot. at 2. Thus, this Court is only a secondary jurisdiction court over the instant action. *Id*. The Eleventh Circuit has made clear that under the New York Convention, it is beyond this Court's limited authority as a secondary jurisdiction to vacate or set aside the arbitration award entered against Plaintiff by the LLMA. *See supra*. Defendants' procedural timing arguments (that Plaintiff cannot affirmatively request vacatur where Defendants have not initiated an enforcement action) are moot here. Mot. at 4-11. As this Court could never hear Plaintiff's petition to vacate the foreign arbitration award because it is powerless to do so under the New York Convention as a secondary jurisdiction court, whether the vacatur petition was properly timed is inconsequential. Therefore, this Court recommends granting the Motion to Dismiss on the grounds that England has

exclusive jurisdiction to vacate or set aside Plaintiff's arbitration award. *See Corporación AIC*, 66 F.4th at 883-885.

**B. The Court Lacks Personal Jurisdiction Over Enforcement and Jones Act Claims.**

**1. The Court has Subject Matter Jurisdiction Over Enforcement and Jones Act Claims.**

While this Court is foreclosed from vacating a foreign arbitration award under the New York Convention, the Court is free to decide whether or not to enforce such an award. *See Corporación AIC*, 66 F.4th at 883 (citing *McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1238 (11th Cir. 2021) ("Recognition and enforcement 'serve different purposes and requests different relief then vacatur.'")). As a secondary jurisdiction, this Court is authorized by the New York Convention to determine "the legal effect of the recognition and enforcement (or the denial of recognition and enforcement) of an award." *Corporación AIC*, 66 F.4th at 884; *see also, Ingaseosas*, 479 F. App'x at 955 n.11; Convention, Art. III, ("[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon, under the conditions laid down in the following articles.").

The New York Convention reserves to each signatory country the right to refuse enforcement of a foreign arbitration award where the "'recognition or enforcement of the award would be contrary to the public policy of that [signatory] country.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638 (1985) (quoting the Convention, Art. V(2)(b)). Pursuant to the "prospective waiver

doctrine" also referred to as the "effective vindication exception," a United States court could find an arbitration agreement is contrary to public policy if it operates as a prospective waiver of a party's rights guaranteed by U.S. statutes. *See Mitsubishi*, 473 U.S. at 637-38 (1985); *see also Corvo v. Carnival Corp.*, 234 F. Supp. 3d 1220, 1228-29 (S.D. Fla. 2016) *report and recommendation adopted*, 234 F. Supp. 3d 1220 (S.D. Fla. 2017). The *Mitsubishi* Court never had to decide the issue of whether the prospective waiver doctrine could invalidate a foreign arbitration award, as there the parties agreed that U.S. law applied in the arbitration. *Mitsubishi*, 473 U.S. at 636-37. Here, the parties agree the Arbitrator applied English Law, so the question remains whether Plaintiff had an adequate opportunity to be heard on his Jones Act claims available under U.S. statute. Compl. ¶ 4; Mot. at 2.

Plaintiff's Complaint asks the Court to either vacate "(and/or refuse to enforce)" the arbitration award. Compl. ¶ 57. Plaintiff seeks an order from the Court refusing enforcement of the arbitration award "because it is contrary to the well-entrenched public policy of the United States to protect seafarers like Das." *Id.* ¶ 8. Plaintiff specifically contends that under the "prospective waiver doctrine" its contrary to public policy to deprive him of his rights and remedies under the Jones Act. *Id.* ¶¶ 39, 43. The Jones Act provides a statutory cause of action in negligence to any seaman injured in the course of employment. *Lindo*, 652 F.3d at 1294-95 (citing 46 U.S.C. § 30104).

This Court's authority to enforce or recognize an arbitration award as a secondary jurisdiction includes retaining "jurisdiction to consider and enforce the

application of the prospective waiver doctrine" to preserve public policy. *Corvo*, 234 F. Supp. 3d at 1229 (citing *Mitsubishi*, 473 U.S. at 638); *see also Corvo*, 234 F. Supp. 3d at 1229, 1230 (finding the court had subject matter jurisdiction to review the arbitration award for violating public policy where plaintiff was a Serbian national, relying on Article V to challenge an award from an arbitration proceeding in Monaco applying Panamanian law). Thus, this Court would have the right to refuse to enforce the parties' arbitration award for violating public policy ***and*** to hear Plaintiff's Jones Act claims. Such a result would not disrupt the intended outcomes of Convention, as the Court would leave Defendants' arbitration award intact and enforceable in another nation state in which the losing party has assets. *See Corporación AIC*, 66 F.4th at 884 (citation omitted). However, this Court is unable to grant any relief against Defendants, as explained in further detail *infra*, because Plaintiff has not demonstrated that the Court has personal jurisdiction over Defendants.

### 2. <u>The Court Lacks Personal Jurisdiction.</u>

Under Federal Rule of Civil Procedure 12(b)(2), "[a] court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323 (M.D. Fla. 2011). The plaintiff ordinarily has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant. *Meier*, 288 F.3d at 1268-69. When considering a motion to dismiss for lack of personal jurisdiction, a court must engage in a two-part test. *See Reel Games, Inc. v. Euro Game Tech.*, No. 24-cv-60713, 2025 U.S. Dist. LEXIS 104012, at *4-5 (S.D. Fla. June 2, 2025). First, a court must

determine whether it has personal jurisdiction pursuant to Florida's Long-Arm Statute, Fla Stat. § 48.193, and second, a court must consider whether there are sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment so that the maintenance of a suit does not violate traditional notions of fair play and substantial justice. *Id.* (citing *Kelly v. Kelly*, 911 F. Supp. 518, 520-21 (M.D. Fla. 1995)). Florida's Long-Arm Statute provides for both specific and general jurisdiction. *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (citing Fla. Stat. §§ 48.193(1)(a)-(2)). This Court has neither specific nor general jurisdiction over Defendants. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017).[1]

### a.  General Jurisdiction

"[The Court] may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Greer v. Hoying*, No. 24-14258-CIV, 2025 U.S. Dist. LEXIS 135612, at *5 (S.D. Fla. July 15, 2025) (quoting Fla. Stat. § 48.193(2)). The forum containing a corporation's place of incorporation and/or principal place of business

---

[1] While the Court may have personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2), the "national long-arm statute," neither of the parties briefed this issue or presented evidence that would allow the Court to engage in a fulsome Rule 4(k)(2) analysis. *See e.g., Maguire v. H.K. Int'l Aviation Leasing Co.,* No. 15-61474-CIV, 2017 U.S. Dist. LEXIS 22371, at *9 (S.D. Fla. Feb. 14, 2017) ("Rule 4(k)(2) permits the exercise of personal jurisdiction over foreign defendants for 'claims arising under federal law when the defendant has sufficient contacts with the nation as a whole, but is without sufficient contacts to satisfy the long-arm statute of any particular state.'") (citation omitted); *Giroux v. Kangamiut Contrs. Aps*, No. 10-cv-35-J-37, 2011 U.S. Dist. LEXIS 171032, at *17 (M.D. Fla. Nov. 10, 2011) ("Federal Rule of Civil Procedure 4(k)(2), [] establishes personal jurisdiction over a defendant for claims that arise under federal law, such as the Jones Act, 46 U.S.C. § 30104, if certain conditions are met[.]").

enjoys general personal jurisdiction over that corporation. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct*, 592 U.S. 351, 358 (2021).

Neither MSC UK or MSC Malta are incorporated in Florida, nor do they maintain their principal places of business in Florida. *See* Mot., Exs. 1 and 2. Plaintiff does not allege any other facts that establish the named Defendants are "essentially at home" in Florida. *Ford Motor Co.*, 592 U.S. at 358 (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U. S. 915, 919 (2011)). The crux of Plaintiff's personal jurisdiction allegations are as follows:

27. Defendants have their base of operations in South Florida:

- MSC frequently visit U.S. ports.

- In addition, in the forum selection clause contained in MSC's passenger ticket, it actually selects this Honorable Court as the required forum for all passenger injury claims.

Compl. ¶ 27. Even if the Court construes these facts as true, they do not describe operations that are "so substantial and of such a nature as to render the [Defendants] home" in Florida despite being incorporated and having a principal place of business abroad. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (affirming the dismissal for lack of personal jurisdiction because defendant's activities in the forum state, Louisiana, were not so substantial to render it at home there when defendant was incorporated in Delaware and its principal place of business was in Virgina). Plaintiff argues that in cases involving seafarers and their employers, a court need only look at whether the employer has a "substantial base of operations" to find

personal jurisdiction. Resp. at 6. Not a single case cited by Plaintiff to support this proposition articulates that personal jurisdiction analysis. *See* Resp. at 6 *(*citing *Rojas v. Kloster Cruise, A/S*, 550 So. 2d 59 (Fla. 3d DCA 1986); *Membreno v. Costa Crociere S.p.A.*, 425 F. 3d 932 (11th Cir. 2005); *Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328 (S.D.N.Y. 2010); *Pavlou v. Ocean Traders Marine Corp.*, 211 F. Supp. 320 (S.D.N.Y. 1962); *Royal Caribbean Cruises, Ltd. v. Payumo* 608 So. 2d 862 (Fla. 3d DCA 1992)). While "a substantial base of operations" may be the standard for finding ***subject matter jurisdiction*** where seafarers are invoking the Jones Act, it is not the standard for finding ***personal jurisdiction***. *See McMahon v. Port Imperial Ferry Corp.*, No. 14-14224-CIV, 2014 U.S. Dist. LEXIS 202789, at *2 (S.D. Fla. July 11, 2014) (finding despite applicability of the Jones Act, the Plaintiff failed to plead the "dispositive issue," "how this Court in the Southern District of Florida has personal jurisdiction over the Defendant"); *see also Giroux v. Kangamiut Contrs. Aps*, No. 10-cv-35-J-37, 2011 U.S. Dist. LEXIS 171032, at *17 (M.D. Fla. Nov. 10, 2011) (finding the court lacked personal jurisdiction over foreign defendants despite Plaintiff's viable Jones Act claims). Therefore, even if the Court accepts as true Plaintiff's allegations that Defendants have a substantial base of operations in South Florida, those allegations are insufficient to support a finding that this Court has personal jurisdiction over the Defendants. *See Giroux*, 2011 U.S. Dist. LEXIS 171032, at *17.

Moreover, Defendants have raised a meritorious challenge to Plaintiff's personal jurisdiction allegations. *See Good Samaritan Med. Ctr. v. Leapfrog Grp.*, No.

25-80526-CV, 2025 U.S. Dist. LEXIS 151589, at *5-6 n.2 (S.D. Fla. July 15, 2025) (explaining how courts must analyze evidence when considering a motion to dismiss under Rule 12(b)(2)). While Plaintiff purports to make allegations regarding the MSC entities that are named Defendants in this case, Compl. ¶ 27, Defendants' Reply raises red flags that Plaintiff's allegations lack specificity as to the named MSC Defendants in this lawsuit. Reply at 3. For example, Plaintiff claims that the "[Defendants'] . . . . passenger ticket, it actually selects this Honorable Court as the required forum for all personal injury claims." Compl. ¶ 27. However, the passenger ticket Plaintiff is relying on to establish personal jurisdiction is a passenger ticket for an MSC entity not involved in this litigation, MSC Cruises S.A. Reply at 3; Reply, Exs. 1 and 2. Plaintiff cannot ignore the corporate form and shirk his burden to establish that the ***named*** Defendants have sufficient ties to Florida for an exercise of personal jurisdiction. *See Weinacker v. Shaddy*, No. CA 22-0028-TFM, 2022 U.S. Dist. LEXIS 143076, at *18, (S.D. Ala. June 1, 2022) *report and recommendation adopted* 22-cv-28-TFM, 2023 U.S. Dist. LEXIS 136030 (S.D. Ala. Nov. 2, 2022).

Accordingly, the United States District Court for the Southern District of Florida lacks general personal jurisdiction over Defendants, MSC UK and MSC Malta. *See Ford Motor Co.*, 592 U.S. at 58.

### b.  <u>Specific Jurisdiction</u>

The Court may exercise specific jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida as listed in section 48.193(1)(a). *Greer*, 2025 U.S. Dist. LEXIS 135612, at \*5 (quoting Fla. Stat. § 48.193(1)(a)). None of the alleged conduct giving rise to Plaintiff's claims arise out of or relate to the Defendants' contacts with Florida. Compl. ¶¶ 1-5. During Plaintiff's time aboard the Maltese Flagged *MSC Virtuosa*, the *MSC Virtuosa* never touched United States Waters. Mot., Ex. 1. Between July 16, 2022 and October 13, 2022, the *MSC Virtuosa* sailed itineraries between London, England and Lisbon, Portugal. *Id.* Plaintiff conceded that he is a citizen of the Nation of India. Compl. ¶ 1. The Maltese Flagged *MSC Virtuosa* is neither managed or operated by any entity or person in the United States, let alone Florida. Mot., Ex. 1.  Therefore, because there is no "affiliation between the forum and the underlying controversy," this Court lacks specific personal jurisdiction over the Defendants. *See Ford Motor Co.*, 592 U.S. at 359. Furthermore, the Court reiterates its earlier findings when examining its general jurisdiction in this Report and Recommendations, that Plaintiff argued the incorrect standard for finding personal jurisdiction and failed to make specific allegations for jurisdiction regarding the named Defendants.

Therefore, the Court recommends granting the Motion to Dismiss on the grounds the Court lacks personal jurisdiction to hear arguments on enforcement of the arbitration award or the Jones Act claims.

C. <u>Venue</u>

Defendants posit that they are moving under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue. Mot. at 1. Defendants acknowledge that the concepts of personal jurisdiction and venue are distinct, Reply at 2, yet offer no argument or legal authority for the Court to consider the impropriety of the Southern District of Florida as the venue for this action. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *EGI-VSR, LLC v. Mitjans*, No. 15-20098-Civ, 2018 U.S. Dist. LEXIS 92714, at *9 (S.D. Fla. May 31, 2018) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). Therefore, the Court will not consider this argument. *Id.*

**CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED.** The Court **recommends dismissing** Plaintiff's Complaint and/or Petition to Vacate and/or Set Aside Foreign Arbitration Award without prejudice, as this Court lacks both subject matter and personal jurisdiction to grant the relief sought by Plaintiff.

**OBJECTIONS**

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and

16

recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida on this 5th day of February, 2026.

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record